Barker, J.
The mob which assembled in the plaintiff’s yards in the city of Buffalo, within the territorial limits of the county of Erie, burned up and destroyed a passenger car owned by the plaintiff. The evidence tended to show every fact necessary for the plaintiff to maintain for the purpose of making out a case charging the county with the damages resulting to the plaintiff from the unlawful act within the provisions of chapter 428, Laws of 1855.
The learned trial judge instructed the jury in substance, that if it appeared from the evidence that the injuries sustained were occasioned or in any manner sanctioned or permitted by the carelessness or negligence of the plaintiff then it could not recover. Mor was the plaintiff entitled to a verdict unless the jury were satisfied that it had used all reasonable diligence to prevent the destruction of the property for which it claimed indemnity from the defendant.
The jury were also instructed that it was the duty of the plaintiff to notify the sheriff immediately after being appraised of any threats to destroy or injure its property by the mob, of the facts brought to its knowledge, and if the plaintiff had failed to give such notice it could not recover. The court was not requested by the defendant to change or modify these instructions, nor were they expected to.
The interpretation thus placed upon the provisions of the act was as favorable to the defendant as it could ask. The jury having found a verdict for the plaintiff, they must have regarded the evidence as establishing to their satisfaction every essential fact necessary to give the plaintiff a complete right of action. But the defendant complains that the court by its rulings withheld from the consideration of the jury circumstances and items of evidence which pertinently and materially bear on the question of the plaintiff’s negligence, as stated in the charge. The mob gathered in the yards and depot grounds where the plaintiff’s passenger and freight trains were made up and sent out on its own and connecting roads. Mr. Taylor was the company’s general superintendent and had the direction of its business at Buffalo. The discontented persons who made up the mob element commenced gathering in and about the yards on Saturday and increased in numbers on *320 Sunday, and their violent conduct, resulting in the burning of the car, occurred on the following Monday night. Mr. Taylor was in his office on Saturday and Sunday, which was near the freight track, and on those days he visited the yards and had an opportunity to ascertain somewhat, if not fully, the temper and disposition of the people who were there congregated. A part of the persons who constituted the mob were the former employees of the plaintiff’s company, who were then on a strike. On Saturday and Sunday their conduct was disorderly, and on Monday, up to the time of the burning of the car, they interrupted the running of freight and passenger cars. ' On Sunday the sheriff in person visited the scene of disturbance and placed on duty a force of his under officers. On Sunday and Monday a small military force was ordered out and was on duty Sunday and Monday at and near the place where the car was burned.
The counsel for the defendant, after the general charge was concluded, asked the court to charge the jury that they might take into consideration the fact that Mr. Taylor was present on Sunday arid saw these demonstrations of interference and preventing the company from running out its trains, and they might take those matters into consideration in determining whether there was negligence or not on the part of the plaintiff.
The court then remarked : “If there is any evidence-that anything occurred prior to the evening of the 23d, the time when the notice was drawn up, which was notice to-Mr. Taylor that there was any intention to destroy the property of the plaintiff,, then it was his duty immediately to give notice to the sheriff of the county.”
The counsel for the defendant then requested the court to-charge “that-the jury may take into consideration what the witness, Taylor, swore he saw and knew was done by these men as bearing upon the case.”
The court then instructed the jury: “Unless you see from this evidence something to put Mr. Taylor upon his guard, and notice to him that they intended to destroy property, I do not think the simple fact that there was a mob, that they might go on — but I fail to remember any evidence of any threat to destroy any property until it is learned by the notice served.”
With these requests to charge on the subject, and the instructions of the court to the jury, following the requests, the subject was passed and no exception taken by the defendant. The charge as thus made was substantially correct, if not strictly so, and we need not give the same any further consideration. If the court fail to give the instructions asked for precisely as intended by the counsel, who- *321 requested them, and he desired further or different instructions, it was his duty to have made further requests or taken an exception.
The defendant asked the court to instruct the jury “ that in connection with the admission in the notice, they may take into consideration the fact that Mr. Taylor was there all day Sunday, as the evidence shows, and was trying to get his men to go out with trains, and was prevented, and that they take those circumstances into consideration to determine whether he had reasonable cause to believe that there was any danger, and that the plaintiff’s property was endangered.” To this request the court replied: “I cannot so charge in that language. I charge you, gentlemen of the jury, that if you find from this evidence that there were any threats or anything done by this mob that gave information to Mr. Taylor, or to the plaintiff, that they intended to destroy property, then it was his duty to give notice at once, and if they failed to do it the plaintiff camiot recover; but the simple fact that there was a mob there and uncoupling cars, I do not think is any evidence that would warrant you in finding that they intended to destroy property.” The court declined to change the charge as made, or make any further charge on the subject, and the defendant excepted to the refusal to charge in the language requested.
The evidence would not justify the instruction requested, that Mr. Taylor was on the ground observing the mob all day Sunday, and for that reason the requests were properly declined, even if it was in other respects accurate as a legal proposition. The request was, doubtless, made as bearing upon the question that the company had omitted to cause notice to be served upon the sheriff immediately after threats had been made to destroy the plaintiff’s property, and the charge as made, correctly stated the requirement imposed upon the plaintiff by the statute relative to giving immediate notice after a threat has been made to destroy property. The exception taken was to the refusal to make the charge as requested, and none was taken to the portion of the charge that the jury would not be justified in finding that the mob intended to destroy property, from the simple fact that they were on the plaintiff’s ground and uncoupling its cars.
The plaintiff’s counsel made a request to charge a proposition as stated, which was not granted, but in response the court did make some observation to the jury to which the defendant excepted. This part of the case is so made up that we are unable to determine the precise proposition of law intended to be stated by the court, to which the defend *322 ant’s exception applied, and because of this uncertainty we are unable to say that any error was committed to the prejudice of the defendant. The court is not called upon to speculate as to the meaning of this part of the charge, when the general charge stated fully and intelligently the general legal proposition involved in the controversy.
The plaintiff was permitted to prove that on the evening of the 23d of July a written notice, signed by Mr. Taylor as superintendent, was served upon the mayor of the city of Buffalo stating that certain property owned by the plaintiff within the limits of the city of Buffalo, consisting of freight cars, freight houses and bridges, was hi danger of being destroyed by a mob of strikers, and he was called upon, as mayor, to protect the same.. To this evidence the defendant made an objection that it was immaterial and incompetent, and took an exception to its reception.
We regard this evidence as immaterial and incompetent, and therefore erroneously received. But it seems plain, in view of the character of the issues tried, that it could not have injured the defendant. It was not disputed but that the car was burned, and by a mob. One of the defenses interposed was that the plaintiff, after being informed of the threats of the mob to' injure and destroy its property, did not give immediate notice to the sheriff, as required by the statute. The notice to the mayor asserts but one fact, and that is that the property mentioned was in danger of being destroyed by a mob. This notice was made and served prior to the destruction of the car, and tends to prove that the plaintiff was apprised of the intention of the mob before notice was served on the sheriff. It is impossible to imagine how the jury could have regarded this evidence as in any way establishing, as against the defendant, either of the issues in dispute, or how the contents of the letter could in any manner prejudice the minds of the jury against the defendant. We are, therefore, of the opinion that the defendant should not have a new trial for his error.
The defendant, on cross-examination of Mr. Henn, one of the plaintiff’s witnesses, and conductor of one of its passenger trains, asked if it was not a fact that there had been a good deal of talk and threatened difficulty of a strike among the men connected with the plaintiff’s railroad and other railroads in Buffalo, for a week or ten. days before the car was burned, and stated that the evidence was offered for the purpose of showing that the plaintiff did not give timely notice to the authorities, and that they did not use all the means within their power. The court remarked that it was not competent for the witness to testify -what was generally understood, but that he might testify as *323 to what the rumor was. This ruling was as favorable to the defendant as any rule of evidence would permit.
General Rogers, in charge of the military forces at Buffalo, ordered to that city a company from Westfield, commanded by Captain Towles. The order was written and signed by General Rogers and telegraphed to Captain Towles, and the plaintiff was permitted to read in evidence the order, the body of which is as follows: “You will leave the train at Buffalo creek bridge, and guard the railroad property there during the night. Use such cars as you can and keep all the guards out which may be necessary.” This was dated July 23, and delivered to the captain of the company four or five hours before the fire, and the other proofs show that the company arrived in Buffalo, and was engaged in protecting the railroad company’s property near the place where the car was burned. We think it was proper to prove as part of the res gestee connected with the destruction of the property, the number of men composing the mob, their temper and demonstrations, as well as the extent of the police and military force present to preserve order and protect property, and as to this particular item of proof that Captain Towles came to the scene with his company from another place, under the orders of a competent and superior officer.
Robert Byron, one of the plaintiff’s employees, was on duty and near the car at the time it was set on fire, and the plaintiff was permitted to prove by him that he was requested by one of the mob to assist in destroying the car, and that he declined to do so, and an altercation took place between him and that person, and at the same time some one else struck and hit him. We think this was entirely competent as part of the res gestee, as the witness was at the time in the employ of the plaintiff and endeavoring, so far as he could single handed, to protect the property destroyed by fire.
The plaintiff called as a witness James Howe, a car inspector, who testified that a large crowd of men were in the yard of the company in the evening before the car was burned, and broke in the windows of several of the cars, and on Ms cross-examination he was asked the following question: “Did you learn or hear of any difficulties in connection with your (the plaintiff’s) road ” This was objected to by the plaintiff, and the defendant offered to show that this witness was informed on Saturday that there was danger of the mob’s interfering with the plaintiff’s road and its property. The offer was excluded and the defendant excepted. We think there was no error in excluding this offer, because it did not amount to an offer to prove that there was a threat to destroy the plaintiff’s *324 property, and the offer was too general in its character and was nothing hut hearsay evidence. If the proposition had been to prove ,any particular fact, from which it might be inferred that the mob intended to destroy the plaintiff’s property, and its officers or agents were informed of the fact, a very different question would have been presented. We have examined all the other exceptions taken by the defendant to the receipt and rejection of evidence, to which our attention has been called, and we find no error in any of them.
Motion for a new trial denied, with costs.
Smith, F. J., Haight and Bradley, JJ., concur.